IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **YODENRIZ LEYVA LAMBERT,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **EP-26-CV-00427-DB** |
| | § | |
| **WARDEN,** *ERO El Paso Camp East* | § | |
| *Montana, c/o U.S. Immigration and Customs* | § | |
| *Enforcement, et al.,* | § | |
| **Respondents.** | § | |

## ORDER OF IMMEDIATE RELEASE

On this day, the Court considered the above captioned case. On February 12, 2026, Petitioner Yodendriz Leyva Lambert, through his next friend, filed a "Petition for Writ of Habeas Corpus," ECF No. 1. Therein, Petitioner asserts he is in immigration custody in violation of his Fifth Amendment rights. *Id.* at 1. Petitioner is a Cuban national with a final order of removal to Cuba from December 4, 2017. ECF No. 11 at 3. Petitioner was released from custody on an Order of Supervision on December 28, 2017, because his removal did not seem reasonably foreseeable at the time. *Id.* Petitioner was detained again on December 2, 2025, because immigration authorities believed removal was now likely. *Id.* ICE nominated for removal to Cuba on December 6, 2026. *Id.* ICE has also pursued third country removal to Mexico, but Petitioner has refused to go. *Id.* At the time Petitioner filed his Petition, he was still pending authorization for removal to Cuba. *Id.* Petitioner contended removal to Cuba was not likely because there have not been any travel documents issues, no acceptance by the Cuban government, and no timeline for removal. ECF No. 13 at 3. Petitioner further contended refusal of third-country removal does not justify continued and prolonged detention. *Id.*

In lieu of an evidentiary hearing, the Court ordered Respondents to file a supplemental advisory about their efforts to remove Petitioner from the United States. ECF No. 15. In response, Respondents provided the following:

> On March 30, 2026, the Cuban Government denied Petitioner's repatriation to Cuba. Ex. A (Lopez Declaration) ¶ 4. Since its inception on August 1, 2025, Camp East Montana has removed 511 Cuban nationals to Cuba. *Id.* at ¶ 5. ERO has tried third country removal to Mexico, but Petitioner has refused to depart, and Mexico will only accept third country nationals if they consent to removal to Mexico. *Id.* at ¶¶ 6, 10. Because of Mexico's policy of only accepting third-country nationals if they consent and Petitioner's refusal to be removed to Mexico, ICE has been unable to remove Petitioner to Mexico. *Id.* Respondents have been exploring other third country options and are working to identify a country. *Id.* at ¶¶ 11-12.

ECF No. 15 at 1.

## **LEGAL STANDARD**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

The statutory provision that governs the Court's review in this case is 8 U.S.C. § 1231. Under § 1231(a)(1)(A), when a noncitizen is ordered removed, the Attorney General has 90 days to remove them from the United States. During this 90-day removal period, DHS and ICE are required to detain the noncitizen. Upon the conclusion of the 90-day removal period the statute allows for either continued detention or release under supervision. 8 U.S.C. § 1231(a). Although

the statute gives the Attorney General the discretion to continue detaining a noncitizen in this situation, this detention is subject to the limits of the Fifth Amendment's Due Process clause. *See Zadvydas*, 533 U.S. at 690-692.

In *Zadvydas v. Davis* the Supreme Court interpreted Section 1231(a)(6), the provision that allows for detention beyond the 90-day removal period, to limit post-removal-period detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Id.* at 689. The Court held that post-removal detention for six months is "presumptively reasonable." *Id.* at 701.  Beyond six months, if removal is no longer reasonably foreseeable, continued detention is not authorized by the statute. *Id.* at 699. Under *Zadvydas,* if a noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future in a habeas corpus petition, the Government must respond with evidence sufficient to rebut that showing. *Id.* at 701.

## DISCUSSION

The Court finds Petitioner's removal from the United States is not significantly likely to occur in the reasonably foreseeable future. Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days. 8 U.S.C. § 1231(a)(1)(A). Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into 8 U.S.C. § 1231 and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689–90. This period is presumptively six months. *Id.* at 701. After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no

significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Here, Petitioner has a final order of removal since December 4, 2017, and was released on an order of supervision on December 28, 2017. ECF No. 11 at 2. Petitioner complied with the requirements of his release until he was re-detained on December 2, 2025. *Id.* Respondents contend they re-detained Petitioner because they now believe that Petitioner's removal is significantly likely to occur in the foreseeable future. *Id.* As a threshold matter, the Court finds Petitioner meets his initial burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas*, 533 U.S. at 699). At the time Petitioner filed his Petition, he was still pending authorization for removal to Cuba. ECF No. 11 at 2. Yet Petitioner alleged removal to Cuba was not significantly likely because there had not been any travel documents issued, no acceptance by the Cuban government, and no timeline for removal. ECF No. 13 at 3. Respondents do not dispute these facts. In fact, Respondents now concede removal to Cuba is not an option because on March 30, 2026, the Cuban government denied Petitioner's repatriation to Cuba. ECF No. 17 at 1.

Respondents' only option is removal to a third country. Petitioner refused removal to Mexico because he fears for his safety outside the United States and has no legal status or protection in that country. ECF No. 13-3 at 1. Petitioner further contends refusal of third-country removal does not justify continued and prolonged detention. ECF No. 13 at 3. On the facts of this case, the Court finds removal to Mexico is not significantly likely to occur in the reasonably foreseeable future. On December 26, 2025, Respondents served Petitioner with a notice of third

country removal to Mexico that Petitioner refused to sign. ECF No. 11-1 at 2. On February 16, 2026, Respondents attempted to remove Petitioner to Mexico, but Petitioner refused. *Id.* Respondents now make clear removal to Mexico is not an option given "Mexico will only accept third country nationals if they consent to removal to Mexico[,]" and Petitioner has refused to consent to removal to Mexico. ECF No. 17 at 1.

Finally, Respondents also advise they have been exploring other third country options and are working to identify a country. *Id.* But, this Court cannot deem removal reasonably foreseeable so long as good faith efforts continue. Such a standard "would seem to require an alien seeking release to show the absence of any prospect of removal— no matter how unlikely or unforeseeable—which demands more than our reading of the statute can bear." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds Respondents failed to rebut Petitioner's assertion that there is no *significant* likelihood of his removal in the reasonably foreseeable future, making any continued detention unlawful.

## **CONCLUSION**

For the reasons stated above, Petitioner has established he is entitled to habeas relief based on *Zadvydas v. Davis* and the Fifth Amendment's Due Process Clause. Accordingly, the Court issues the following orders:

**IT IS HEREBY ORDERED** Petitioner Yodenriz Leyva Lambert's "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than April 7, 2026,** subject to the same conditions of supervision imposed prior to his re-detention on December 2, 2025.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than April 9, 2026.**

**IT IS FURTHER ORDERED** that when Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FURTHER ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than April 13, 2026.**

**IT IS FURTHER ORDERED** Petitioner's "Motion for Expedited Review," ECF No. 2, is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** Petitioner's "Motion to Enforce Court Order and Return Petitioner to the Court's Jurisdiction," ECF No. 14, is **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** the District Clerk's Office **SHALL OVERNIGHT MAIL** a copy of this order to Petitioner Yoendriz Leyva Lambert's Next Friend, Ana Maris Leyva at 406 Olive Street, Chelsea, IA 52215.[1]

**SIGNED** this **6th** day of **April 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] The District Clerk's office shall also comply with the electronic mail notice requirements set forth in ECF No. 7.